IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**MICHAEL LERARIO,**                             :

                                                 :

             **Petitioner**            :          **CIVIL NO. 1:CV-03-2069**

                                                 :

   **v.**                                     :          **(Judge Rambo)**

                                                 :

**UNITED STATES OF AMERICA,**           :

                                                 :

             **Respondent**          :


## M E M O R A N D U M


### I.  Introduction

Petitioner, Michael Lerario, an inmate at the Schuylkill Federal Prison Camp

("FPC-Schuylkill") in Minersville, Pennsylvania, commenced this action in the United

States District Court for the Eastern District of New York ("Eastern District") with a

*pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C.

§ 2255.  (Doc. 1, Attach. 1.)  In the petition, Petitioner claimed ineffective assistance

of counsel at his criminal trial in the Eastern District (*id.* at 12), and he challenged the

calculation of his federal sentence (*id.* at 25).  Thereafter, the Eastern District denied

Petitioner's ineffective assistance claim, construed the sentence calculation issue as a

claim for relief under 28 U.S.C. § 2241, and transferred the case to this court because

Petitioner's custodian is located in the Middle District of Pennsylvania.  (*See* Doc. 1,

Attach. 13.)  Thus, the only issue remaining for disposition by this court is Petitioner's

federal sentence calculation.  (*Id*. at 11.)  He claims that his federal sentence

commenced on the day it was imposed and was intended to run concurrent with his

prior state court sentence.  A response, together with exhibits, and a traverse have

been filed, and the petition is ripe for disposition.  For the reasons that follow, the

petition will be denied.

## II.   **Background**

The following facts are undisputed.  On December 8, 1994, Petitioner was

arrested by federal law enforcement authorities on multiple narcotics charges, and he

was subsequently released on bond on December 14, 1994.  (Doc. 7-2 at 4.)

Petitioner was charged with conspiring and attempting to possess with intent to

distribute cocaine.  Thereafter, Petitioner pled guilty to the conspiracy charge, and he

remained free on his bond, pending sentencing.

On July 21, 1995, still on pre-sentence release, Petitioner was arrested by New

York State authorities on unrelated narcotics charges, and he was held without bail.

Petitioner remained in state custody except for a brief appearance in the Eastern

District on August 8, 1995 pursuant to a writ of habeas corpus ad prosequendum for

his sentencing on the conspiracy plea.  At federal sentencing, Petitioner's counsel

requested a downward departure to ensure federal credit for the time spent in pre-sentence federal custody.  The court granted the downward departure and sentenced Petitioner to a term of imprisonment of sixty-five (65) months.

Thereafter, Petitioner was returned to state custody pending disposition of the state charges.  On September 4, 1997, Petitioner pled guilty in state court to criminal sale of a controlled substance.  During the plea, Petitioner confirmed his understanding that the state sentence would run consecutively to his federal sentence.  (*See* Doc. 1, Attach. 13 at 3 n.1.)  On November 14, 1997, the state court sentenced Petitioner to a term of imprisonment of six (6) years to life as agreed by the parties.  The state court specified that the state sentence was to "be served consecutively to the federal time." (*Id*. at 4.)  After the state sentencing, Petitioner remained in state custody to complete his state sentence.

On November 27, 2000, Petitioner was paroled from his state sentence and transferred to federal custody.  Upon arrival at his federal facility, the Federal Bureau of Prisons ("BOP") calculated Petitioner's sentence, giving credit for the period from his initial arrest on December 8, 1994 to his pretrial release on bond on December 14, 1994.  Petitioner filed a request for administrative relief, claiming that he was entitled to credit for the entire time he was in state or federal custody since January 4, 1996. Petitioner's request was denied.  On November 2, 2001, Petitioner filed a motion with

3

the Eastern District seeking clarification of his sentence, and the motion was dismissed

for failure to exhaust administrative remedies.  Petitioner then exhausted his

administrative remedies with denial of his final administrative appeal on May 21, 2002.

The instant habeas petition ensued.  For the following reasons, the court concludes

that Petitioner's federal sentence was properly calculated.

## III.   Discussion

The authority to calculate a federal prisoner's term of incarceration is delegated

to the United States Attorney General, who exercises that authority through the BOP.

*United States v. Wilson*, 503 U.S. 329, 334-35 (1992).  To calculate Petitioner's

sentence, the BOP must determine: (1) when his federal sentence commenced, and (2)

any credits to which Petitioner may be entitled.  18 U.S.C. § 3585.   A federal sentence

does not begin to run when a prisoner is transferred from state to federal custody

pursuant to a writ of habeas corpus ad prosequendum, *Ruggiano v. Reish*, 307 F.3d

121, 126 (3d Cir. 2002), because the state retains primary custody of the prisoner,

*Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000).  Petitioner's federal sentence

commenced on November 27, 2000, the date he was released to federal custody for

transport to FPC-Schuylkill to serve the federal sentence.  *See* 18 U.S.C. § 3585(a)

(stating that a federal sentence to a term of imprisonment commences on the date the

4

prisoner "is received in custody awaiting transportation to . . . the official detention

facility at which the sentence is to be served").  Thus, Petitioner's federal sentence

commenced after his state term of incarceration had been discharged.

Although the federal sentence was imposed while Petitioner was held in state

custody, this does not affect the commencement date of the federal sentence.

Petitioner appears to claim that his federal sentence was intended to be concurrent with

his state sentence.  However, as previously stated, his federal sentence was imposed

prior to imposition of the state sentence, and there was no sentence to which the

federal sentence could run concurrent.

Furthermore, Petitioner has received all appropriate credit for time spent in

custody on his federal charges, which has not been credited to another sentence.  *See*

18 U.S.C. § 3585(b).  The disputed time was previously credited to Petitioner's state

sentence, prior to commencement of the federal sentence.  If additional adjustment

was made to the federal sentence, Petitioner would receive a double credit.  The Third

Circuit Court of Appeals has held that the plain language of 18 U.S.C. § 3585 is

specifically meant to prohibit this "double credit."  *Rios*, 201 F.3d at 272.

In support of relief, Petitioner cites *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir.

2002).  (*See* Doc. 1, Attach. 10 at 13.)  In *Ruggiano*, Petitioner was sentenced in

federal court to a term of imprisonment of 112 months while he was serving an

5

unexpired state sentence of two (2) to four (4) years on an unrelated state offense.

The federal sentence was to run concurrent with the undischarged state sentence, with

credit for time served.  Although the Third Circuit held that the BOP was precluded

from "crediting" for time served, the court directed "adjustment" of the state sentence

to make the subsequent federal sentence fully or retroactively concurrent.

However, *Ruggiano* involved a federal sentence intended by the sentencing

court to run concurrently with a prior undischarged state term.  Here, the federal

sentence was imposed prior to the state sentence, and the subsequent state sentence

was acknowledged to be consecutive to the federal sentence.  (*See* Doc. 1, Attach. 13

at 3 n.1.)  Accordingly, *Ruggiano* does not serve as a basis for relief in this action.


## IV.   Conclusion

In accordance with the foregoing discussion, the court will deny Petitioner's

habeas petition.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  June 6, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LERARIO,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-03-2069** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED**

**THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.

3. The court declines to issue a certificate of appealability.


                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated:  June 6, 2005.